**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 04-2502**

—————

TIM R. MARTINS,

Plaintiff - Appellant,

versus

KEMPER SPORTS MANAGEMENT, INCORPORATED,

Defendant - Appellee,

and

BECHTEL CORPORATION,

Defendant.

—————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (CA-03-2109-WMN)

—————

Submitted:  January 27, 2006        Decided:  February 28, 2006

—————

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

David L. Kwass, SALTZ, MONGELUZZI, BARRETT & BENDESKY, Philadelphia, Pennsylvania, for Appellant.  Michael P. Chervenak, HARTEL, KANE, DESANTIS, MACDONALD & HOWIE, L.L.P., Greenbelt, Maryland, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tim R. Martins claims that Kemper Sports Management, Inc. ("Kemper") breached its duty of care by not installing proper safety barriers between tee boxes at Holly Hills Country Club ("Holly Hills") in Maryland. We have reviewed the record and find no reversible error.

Martins claims the district court erred when it granted Kemper's motion for summary judgment.[1] This court reviews de novo a district court's order granting summary judgment. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004).

Under Maryland law, a cause of action in negligence must demonstrate "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." Rhaney v. University of Maryland Eastern Shore, 880 A.2d 357, 363-64 (Md. 2005).

Martins was a business invitee on Kemper's business premises. In Maryland, a business owner owes a business invitee "a duty to use reasonable and ordinary care to keep the premises safe and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own

---

[1]Martins did not appeal the district court's order granting summary judgment for Bechtel Corporation.

- 3 -

safety, will not discover." <u>Southland Corporation v. Griffith</u>, 633 A.2d 84, 91 (Md. Ct. App. 1993).

Martins claims that Kemper breached its duty because it did not install plastic barriers that could have prevented his injury. Martins and Kemper agree that there is no industry standard or law requiring safety barriers on driving ranges. Kemper's experts testified that the majority of public driving ranges do not have plastic barriers and at private country clubs like Holy Hills barriers are extremely rare. It is not contested that Kemper foresaw the possibility of one golfer hitting another golfer on the driving range. However, simply because Kemper did not install plastic barriers does not mean it did not take reasonable care to protect golfers on its premises. Indeed, Kemper installed a barrier that was more protective than the majority of other ranges. Because Martins failed to establish that Kemper breached its duty to take reasonable and ordinary care to protect its business invitees, the district court did not err in granting Kemper's summary judgment motion.[2]

---

[2]We do not address Martins' claim that Kemper assumed a higher duty of care by installing the barriers as this claim was raised for the first time on appeal. <u>See</u> <u>Muth v. United States</u>, 1 F.3d 246, 250 (4th Cir. 1993) (holding that issues raised for the first time on appeal are generally waived absent exceptional circumstances).

Accordingly, we affirm the district court's order granting Kemper's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED